IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERRI EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-1202-R |
| ) | |
| CAROLYN W. COLVIN, acting ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

Sherri Evans (Plaintiff) brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Acting Commissioner's (Commissioner) final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. United States District Court Judge David L. Russell referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, the administrative record (AR), and the parties' briefs, and recommends that the court affirm the Commissioner's decision.

I.  **Administrative proceedings.**

In her February 2009 application, Plaintiff alleged that she suffers from fibromyalgia, severe nerve pain, fatigue, and irritable bowel syndrome.

AR 106-14, 120. After the Social Security Administration (SSA) denied her claim for disability benefits, an Administrative Law Judge (ALJ) held a hearing. *Id.* at 69-73, 80, 30-51. The ALJ determined that Plaintiff's adjudicatory period started on January 5, 2007, *id.* at 15,[1] and that she met the insured status requirement through March 31, 2011. *Id.* at 17. He then opined that Plaintiff is not disabled because, despite her severe impairments of fibromyalgia and obesity, she retains the ability to perform her past relevant work as a customer service representative. *Id.* at 18, 27.

The SSA Appeals Council initially declined Plaintiff's request for review in March 2011. *Id.* at 7-10. In September 2013, after considering additional information, the Appeals Council again denied Plaintiff's request for review. *Id.* at 1-6. Plaintiff now seeks review in this Court. Doc. 1.

## II. Determination of disability.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

---

[1] Plaintiff filed a prior application for benefits in 2006, alleging disability as of June 30, 2003. AR 101-02. According to the ALJ, the SSA denied that application on January 4, 2007, and Plaintiff did not seek reconsideration. *Id.* at 15. The ALJ stated that he was not reopening the prior application and found that Plaintiff's adjudicatory period began on January 5, 2007. *Id.* Neither party disagrees with the ALJ's decision in this regard.

2

than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

Because Plaintiff seeks only disability insurance benefits, she must establish her disability prior to the expiration of her insured status – March 31, 2011. *See Miller v. Chater*, 99 F.3d 972, 975 (10th Cir. 1996). So, Plaintiff bears the initial burden of proving that sometime between January 5, 2007, and March 31, 2011, she had one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a residual functional capacity assessment at step four to determine what if anything Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 404.1545(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden and must show an inability to return to past relevant work. *See* 20 C.F.R. § 404.1520(e); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990).

**III. Analysis.**

**A. Standard of review.**

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).

**B. Plaintiff's claims of error.**

Plaintiff generally claims a lack of substantial evidence based on the ALJ's failure "to properly analyze the record." Doc. 13, at 3-4. Plaintiff's specific arguments are not so easily identified. For example, Plaintiff's attorney, Miles L. Mitzner, provides no subheadings, and his entire eleven-page argument is best described as a stream of consciousness. However, not wanting to penalize Plaintiff for her attorney's lackluster briefing, the undersigned has parceled out Plaintiff's arguments and believes that she seeks reversal because the ALJ: (1) made "false statements," (2) failed to consider additional severe impairments, and (3) failed to properly consider Plaintiff's fibromyalgia pain. *Id.* at 4-11, 14. Further, Plaintiff argues that

the Appeals Council should have sent the case back to the ALJ for consideration of "new and material evidence." *Id.* at 11.

### 1. The ALJ's alleged "false statements."

The ALJ made two statements which Plaintiff alleges are false. In the first, the ALJ wrote:

> [Plaintiff] also stated that she . . . used a cane. . . . However, her doctor's reports do not support th[at] allegation[]. She has never been prescribed a cane, and no doctor has reported that she used one or carried one with her to her appointments.

AR 23; *see id.* at 26.

In the second, the ALJ stated:

> During her well woman examination, [Plaintiff] stated she was not exercising due to her pain, although Dr. Kaplan had suggested she undergo physical therapy. There is no evidence [Plaintiff] ever scheduled that therapy, further damaging her credibility.

*Id.* at 26 (internal citations omitted).

According to Plaintiff, these are "false statements." Doc. 13, at 4-5. The undersigned disagrees.

At the time of the hearing, the ALJ had exhibits through 8F.[2] AR 32,

---

[2] At the hearing, the ALJ admitted the "Exhibits through 7F." AR 32. Exhibit 8F is a one-page October 15, 2009 report, upon which the ALJ relied, making specific findings regarding this exhibit. *Id.* at 21. The ALJ's statement (that Plaintiff's hearing counsel did not correct) at the hearing and omission of 8F appears to have been a clerical oversight.

21. Plaintiff points to no evidence in those records that contradicts the ALJ's statements. Instead, Plaintiff cites to evidence that she presented to the Appeals Council. Doc. 13, at 4 (citing to AR 334-39, 349, 381, 384, which appear in Exhibits 9-11F). Clearly, Plaintiff fails to demonstrate that the ALJ made "false statements" and the undersigned finds no grounds for reversal.[3]

### 2. The ALJ's failure to consider additional severe impairments.

Plaintiff next argues that the ALJ failed to consider "many severe impairments." *Id.* at 5-6. Again, Plaintiff only references evidence that she submitted to the Appeals Council. That evidence includes an:

- October 2002 lumbar spine MRI showing degenerative disk changes at multiple levels with retolisthesis, AR 307-08;

- a March 2006 rotator cuff tear with prominent spurring at the AC joint producing moderate to severe impingement on the

---

[3] Notably, Plaintiff's evidence shows that she used a cane in March and May 2006, before the relevant time period in this case. AR 349, 381, 384. The ALJ also spent significant time discussing the evidence showing that from January 5, 2007, through March 31, 2011, Plaintiff had a normal gait and ambulated without assistance. *Id.* at 18-21, 23, 26.

Similarly, Plaintiff's evidence involving her physical therapy references six visits Plaintiff made in February 2007 for lumbar pain. *Id.* at 334-39. As the Commissioner points out, although this is within the relevant time frame, Plaintiff's *lumbar* pain "is not at issue in this case." Doc. 14, at 6. The ALJ was referring to Dr. Kaplan's and Dr. Hulsey's physical therapy recommendations, which targeted Plaintiff's fibromyalgia complaints. AR 20, 26.

6

> muscle and tendon with a full thickness tear of the distal supraspinatus tendon, *id.* at 348; and
>
> - a July 2008 brain MRI showing a few FLAIR hyperintense white matter lesions which may reflect a demyelinating process, *id.* at 371.

Doc. 13, at 5.

The undersigned finds no grounds for reversal.

First, contrary to Plaintiff's argument, the ALJ could not have ignored this evidence because it was not before him.

Second, Plaintiff did not allege that she is disabled due to lumbar pain, rotator cuff injury, or brain lesions. AR 120, 156, 162. And as noted above, the relevant time period for Plaintiff's disability claim was January 5, 2007, to March 31, 2011. Thus, Plaintiff's 2002 records are not relevant to the adjudicatory timeframe for Plaintiff's application for disability benefits.

Third and finally, Plaintiff "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). But Plaintiff cites no evidence suggesting that either the March 2006 rotator cuff injury or the July 2008 brain lesions caused any physical or mental limitations. In fact, the ALJ cited evidence that in 2008, Plaintiff had "full strength of 5/5 in all extremities," AR 18, and in 2009, she had "normal range of motion in her shoulders" and "good muscle strength and tone in her upper . . . extremities." *Id.* at 20. As to the 2008 brain MRI, it showed that

Plaintiff's "few FLAIR hyperintense white matter lesions . . . may reflect a mild demyelinating disease," but "have not progressed in size or number" since March 2004, and no "active lesions" exist. *Id.* at 371. So, the undersigned finds that the ALJ did not error in failing to consider this evidence, and the evidence does not otherwise prove the existence of any severe impairment or limitation.

### 3. The ALJ's assessment of Plaintiff's fibromyalgia.

Fibromyalgia is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments and other tissue." *Brown v. Barnhart*, 182 F. App'x 771, 773 n.1 (10th Cir. 2006) (quotation omitted). "It is a chronic condition, causing long-term but variable levels of muscle and joint pain, stiffness and fatigue." *Id.* (quotation omitted).

As noted, the ALJ found Plaintiff's fibromyalgia to be a severe impairment. However, according to Plaintiff, the ALJ improperly discounted her fibromyalgia pain based on a lack of objective medical evidence. Doc. 13, at 6-7. Plaintiff misreads the ALJ's opinion.

"Subjective complaints of pain must be evaluated in light of plaintiff's credibility and the medical evidence." *Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990). In assessing pain, the ALJ considers such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the

> frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted).

Here, the ALJ correctly acknowledged that Plaintiff has fibromyalgia pain, and correctly focused his inquiry on whether Plaintiff's pain is *disabling*. AR 23, 26-27. In doing so, he considered the medical record and the above factors. For example, the ALJ acknowledged Plaintiff's "trigger points" and use of prescribed pain and sleep medication. *Id.* at 18-21. However, he also noted that: (1) it took Plaintiff over a year to see a rheumatologist after Dr. Kaplan recommended it, *id.* at 19; (2) Dr. Kaplan asked Plaintiff to see him again in three months, but Plaintiff waited almost eight months between appointments, *id.* at 18; (3) Plaintiff ignored two physicians' recommendations to complete physical therapy and exercise, *id.* at 19, 23, 26; (4) Plaintiff's allegations of disabling pain became much more "extreme" after she applied for disability benefits, *id.* at 19; (5) Plaintiff's description of her pain and limitations varied among physicians, *id.* at 19, 21; (6) Plaintiff first claimed that she could not do housework, but then testified that she can do some shopping and light housework; *id.* at 23; (7) Plaintiff reported needing to use a cane, but did not bring one to her disability

hearing, *id.* at 25, and during the relevant time frame, no physician had prescribed Plaintiff a cane or had noted her use of a cane, *id.* at 26; (8) Plaintiff's physicians had all described her gait as normal, *id.*; (9) Plaintiff testified that she can walk and sit for only short time periods, *id.* at 24, but no medical records show Plaintiff having reported difficulty walking or sitting, *id.* at 26; and (10) Plaintiff failed to disclose prior work history. *Id.*

Based on the foregoing, it is clear that the ALJ did not reject Plaintiff's allegations of fibromyalgia pain based on a lack of objective medical evidence. Instead, the ALJ properly analyzed Plaintiff's subjective allegations by considering her medication use, her avoidance of medical recommendations, the nature of her daily activities, the inconsistency of Plaintiff's testimony with the objective evidence, and other measures of credibility. The undersigned finds that no error occurred with respect to this analysis.[4]

### 4. The Appeals Council's consideration of additional evidence.

After the ALJ denied her application for benefits, Plaintiff submitted Exhibits 9F through 12F to the Appeals Council. According to Plaintiff, "[a]ll

---

[4] An ALJ's "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1 995) (quotation omitted). As noted above, the ALJ recited specific evidence-based findings in discounting Plaintiff's claims of disabling limitations, and Plaintiff does not dispute these findings on judicial review. Doc. 13, at 4-16.

of these exhibits related to the period of disability that was considered by the ALJ," and the Appeals Council erred in failing to send the case back to the ALJ for further consideration. Doc. 13, at 11.

Initially, the undersigned notes that Plaintiff's allegation rests on her attorney's faulty description of the evidence. The relevant time period was January 5, 2007, through March 31, 2011. Portions of Exhibit 9F date back to November 2002, and *all* of Exhibits 10F and 12F date back to 2005-2006. AR 295-341, 342-76, 397-413. Thus, Plaintiff's attorney is incorrect when he claims that *all* of this evidence directly relates to the time period that the ALJ considered.

More importantly though, the Appeals Council considered the evidence and found it provided no basis for changing the ALJ's decision. AR 7-8. And, "[b]ecause the Appeals Council considered [supplemental] treatment records, the records are a 'part of the administrative record to be considered by this court when evaluating the ALJ's decision for substantial evidence.'" *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006) (quoting *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)); *accord Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). The undersigned has considered the supplemental treatment records and agrees with the Commissioner that none of Plaintiff's additional evidence addresses her treatment for fibromyalgia during the

11

relevant period. Doc. 14, at 10; AR 5, 296-405. This includes the evidence from 2007 regarding Plaintiff's physical therapy for back pain, and a June 28, 2010 letter from "Gerald Knutson, Ph D.." to "Tony Cook" that stated Plaintiff has fibromyalgia and is "unable to work and make a living." AR 319. Plaintiff fails to demonstrate that any of this evidence establishes or even suggests that she became disabled at any time between January 5, 2007, and March 31, 2011, and in fact, her reliance on such evidence in this action has been unsuccessful. So, the undersigned finds no error in the Appeals Council's failure to remand the case to the ALJ.[5]

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends that the court affirm the Commissioner's decision.

---

[5] In a related and skeletal argument, Plaintiff alleges that the ALJ "didn't even follow the treating physician rule properly" because he "didn't get to see the new evidence." Doc. 13, at 15. The undersigned finds this nonsensical. As noted above, the Appeals Council properly considered the additional evidence and Plaintiff has failed to demonstrate its relevance. More importantly, Plaintiff has failed to identify any treating physician opinion in that evidence which the Appeals Council rejected. This court is unable to address contentions for which a claimant fails to develop the factual and legal bases for her arguments. *See Threet*, 353 F.3d at 1190 (declining to speculate on claimant's behalf when argument on an issue is "insufficiently developed"); *Chrismon v. Colvin*, 531 F. App'x 893, 896 (10th Cir. 2013) (holding that on judicial review, "it is not our role to shore up [Plaintiff's] argument for [her] . . . ." (citation omitted)).

The undersigned advises the parties of their right to object to this Report and Recommendation by the 3rd day of November, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

SO ORDERED this 14th day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE