# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHERRI EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-13-1202-R |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action seeking judicial review of the final decision of the Commissioner denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On October 14, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended that the decision of the Commissioner be affirmed. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

The Court must conduct a de novo review of the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), a court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the

actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). As a result of Plaintiff's timely objection to the Report and Recommendation, the Court is obliged to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Finally, issues or claims raised for the first time in objections to the Magistrate Judge's Report and Recommendation are deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir.2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996); *Traylor v. Jenks*, 223 Fed. Appx. 789, 791, 2007 WL 926899 at *2 (10th Cir. Mar. 29, 2007)(No. 06–6314).

The posture of this case is such that the Court must consider the entire record, even those records not available to the administrative law judge, in assessing whether the administrative law judge's conclusion that Plaintiff is not disabled is supported by substantive evidence, or otherwise correct under the relevant standard in light of Plaintiff's particular objections. The Court notes that Plaintiff's arguments in his initial brief before the Magistrate Judge could have been more cogently stated, and indeed he could and should have cited to the relevant law that emanates from *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.1994), or a similar case, addressing how a district court should assess the administrative law judge's determination in light of the fact that there are records to which the administrative law judge did not have access, rather than arguing that the administrative law judge made

false statements premised on information not available to him.[1]

20 C.F.R. §§ 404.970(b) and 416.1470(b) expressly authorize a claimant to submit new and material evidence to the Appeals Council when seeking review of the ALJ's decision. *O'Dell*, 44 F.3d at 858. If the evidence "relates to the period on or before the date of the [ALJ] hearing decision," the Appeals Council "shall evaluate the entire record including any new and material evidence submitted ... [and] then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). "A claimant need not show 'good cause' before submitting the new evidence to the Appeals Council." *O'Dell*, 44 F.3d at 858. The new evidence becomes part of the administrative record that the Court must consider when evaluating the Commissioner's decision for substantial evidence. *Id*. at 859.

Accordingly, the Court must consider the entire record in this case to determine whether the decision of the administrative law judge is supported by substantial evidence. The Court's review, however, is limited to those issues raised by Plaintiff in her single brief before the Magistrate Judge, and the narrow parameters of those arguments. Specifically, in the instant objection the Court's review is limited to the issue of the treating physician rule

---

[1] As an example the Court points to page 15 of Plaintiff's Opening Brief, Document No. 13, wherein he argues that "[t]his is where the ALJ erred; he failed to perform the required analysis the regulations require above because they didn't get to see the new evidence." With regard to other allegedly false statements made by the administrative law judge in his decision, Plaintiff's interpretation is simply erroneous. The administrative law judge noted that Dr. Kaplan recommended physical therapy and there is no evidence claimant ever actually scheduled that therapy. The supplemental records submitted to the Appeals Council indicate that *prior* to Plaintiff's treatment by Dr. Kaplan she underwent physical therapy, but she never did so in response to Dr. Kaplan's recommendation, which was the administrative law judge's finding. Accordingly, that particular finding of the administrative law judge was not negated by the supplemental exhibits.

3

and the weight accorded to the testimony of the consultative examiner as raised at pages 6 and 15 of Plaintiff's initial brief, and the undersigned will not consider Plaintiff's attempt to substantially expand and clarify these issues when the initial brief was so limited in its scope.[2]

Plaintiff argues the administrative law judge erred because he rejected, without adequate explanation, the limitations contained in the opinions of the consultative examiners, which included limitations that would preclude her from performing light work, and limit her to sedentary work, with certain postural limitations the administrative law judge did not adopt. Contrary to Plaintiff's representations in his objection, any argument in this regard cannot be gleaned from the paragraph wherein he mentions the treating physician rule at pages 14-15 of the Brief in Chief, but rather, the consultative examiner issue was addressed at page 6 in a single paragraph:

> He [administrative law judge] made that statement in rejecting the state agency opinions that Ms. Evans could only perform sedentary, not light, work. This agency opinion accepted what the ALJ obviously rejected; chronic pain, tenderness of the spine, chest CTA, heart RRR, grip 3/5 bilater[erally], obese, high blood pressure, decreased range of motion and chronic pain. (AR 193) The ALJ rejected this DDS opinion (which are normally very negative and conservative opinions) for his own because there were no doctors that he gave great weight to in his opinion. This is error and without substantial evidence.

---

[2] The Court notes that in response to Plaintiff's Brief in Chief the Commissioner filed a brief in response, evaluating Plaintiff's arguments in the manner ultimately adopted by Judge Mitchell. Plaintiff did not, however, file a reply to assist the Magistrate Judge by clarifying her arguments. The instant objection appears to be an attempt to play "gotcha" with the Report and Recommendation and the Commissioner, as Plaintiff vaguely raised an issue and now provides substantial elaboration in her objection. This the Court cannot countenance for obvious reasons, especially where the Plaintiff is represented by counsel, who is not entitled to liberal construction afforded *pro se* litigants.

Brief in Chief, p. 6. Plaintiff is correct that the Magistrate Judge did not extract this argument from his brief, and thus the Court, with regard to the administrative law judge's rejection of the sedentary work limitation contained in the residual functional capacity assessment completed by the consultative examiner, must consider the issue. The Court limits its review to the parameters identified above, and because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record," *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004), the Court finds no error in the administrative law judge's assessment herein. Furthermore, because "the ALJ's RFC assessment is an administrative, rather than a medical determination," *McDonald v. Astrue*, 492 F.App'x 875, 885 (10th Cir. 2012)(citing SSR-96-5), made after consideration of "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ." *Dixon v. Apfel*, No. 98–5167, 1999 WL 651389, at *2 (10th Cir. Aug.26, 1999). Additionally, by regulation, the final responsibility for determining RFC rests with the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946. Accordingly, it was not error for the administrative law judge to reject the conclusions of the consultative examiners with regard to Plaintiff's residual functional capacity, nor did the Magistrate Judge's failure to specifically address this issue affect the outcome of the instant proceedings.

Plaintiff's only other argument in the objection is the administrative law judge's alleged violation of the treating physician rule. At page 15 of her Brief in Chief, Plaintiff included the following:

> Additionally, the ALJ didn't even follow the treating physician rule properly.

> If the ALJ chooses to reject a treating physician's opinion entirely, the administrative law judge must set forth specific, <u>legitimate</u> reasons for doing so. *See Langley v. Barnhart*, 373 F.3d 1116, at 1119.

Plaintiff's Brief in Chief, p. 15. Thereafter Plaintiff included a substantial block quote from what the Court assumes is *Langley*, citing the factors an administrative law judge is to consider in assessing the opinion of a treating physician. Plaintiff concludes by arguing "[t]his is where the ALJ erred; he failed to perform the required analysis the regulations above require because they (sic) didn't get to see the new evidence." Plaintiff's Brief in Chief, p. 15.

In the Report and Recommendation, at footnote 5, Judge Mitchell characterized Plaintiff's argument as skeletal, and concluded that Plaintiff had not identified any treating physician opinion in the supplemental evidence and further that Plaintiff had not met her obligation to develop and address arguments in support of her contentions. The undersigned agrees with Judge Mitchell that Plaintiff did not properly develop her argument regarding the treating physician rule, and further the undersigned has reviewed the entire record in this case, and no treating physician ever imposed any limitations on Plaintiff or opined that she was entirely unable to perform work activity.[3] Furthermore, the administrative law judge concluded, consistent with the medical evidence, that Plaintiff had the severe impairment of

---

[3] Plaintiff is correct that the administrative law judge did not reference Dr. Wang's treatment notes from her first consultation with Plaintiff, which Plaintiff apparently sought only because she needed a referral to Dr. Kaplan, the neurologist who was treating her for fibromyalgia. In a paragraph that appears to recite Plaintiff's statement of her history, Dr. Wang stated she was disabled as a result of fibromyalgia. She however, made no findings in support of this conclusion, and it does not appear that Dr. Wang actually opined that Plaintiff was disabled.

fibromyalgia, he disagreed, however that her pain was disabling.

At page 5 of the objection to the Report and Recommendation in support of his contention that the Commissioner's assessment of Plaintiff's abilities despite her fibromyalgia was erroneous, she argues the Magistrate Judge compounded errors of the administrative law judge by referencing "'range of motion, tone and muscle strength in the extremities' just like the errant ALJ's cited above." At pages 7 and 8 of the Report and Recommendation, however, Judge Mitchell's reference to those medical findings was in response to Plaintiff's argument that the administrative law judge failed to consider other "severe impairments," not with regard to the administrative law judge's assessment of Plaintiff's limitations as a result of her fibromyalgia. Plaintiff thereafter cites to pages 9 and 10 of the Report and Recommendation, wherein the Magistrate Judge considered the administrative law judge's assessment of her fibromyalgia. However, despite the fact that fibromyalgia has substantial subjective components "neither the claimant's own word nor that of her treating physician is conclusive to establish disability." *Kelley v. Colvin*, 2014 WL 3611673 (D.Kan. July 22, 2014)(citing Social Security Ruling 12-2p, 2012 WL 3104869, *2-3). Indeed, Social Security Ruling 12-2p, provides that in assessing fibromyalgia disability claim, there must be sufficient objective evidence presented "to support a finding that the person's impairment(s) so limit the person's functional abilities that it preclude him or her from performing any substantial gainful activity." *See also Wilson v. Astrue*, 602 F.3d 1136, 1143 (10th Cir.2010) ("While the diagnoses of chronic fatigue syndrome and fibromyalgia may not lend themselves to objective clinical findings, the physical limitations imposed by the

symptoms of such illnesses do lend themselves to objective analysis.")(quoting *Boardman v. Prudential Ins. Co. of Am.*, 337 F.3d 9, 17 n. 5 (1st Cir.2003)). In this case, there were no limitations imposed on Plaintiff by her treating physician, in fact, most of her physicians strongly suggested that she seek physical therapy, which she did for a short period during 2007, but did not resume when recommended by her Oklahoma City neurologist, Dr. Kaplan.

Limiting its review consistent with the principles set forth above, the Court finds no basis for rejecting the Report and Recommendation, and further finds that the decision of the administrative law judge was supported by substantial evidence. Accordingly, the Report and Recommendation is hereby ADOPTED, and supplemented as set forth above. The Court declines to consider the issues raised for the first time or substantially expanded in scope in the objection to the Report and Recommendation and the decision of the Commissioner is hereby AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 3rd day of December, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE